UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL L. CROTHERS,

    Plaintiff,

                                          Case No. 2:16-cv-12500
                                          HON. GERSHWIN A. DRAIN

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**<u>ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION [#21], GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART [#12], DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT [#18] AND REMANDING ACTION</u>**

**I.    INTRODUCTION**

This matter is before the Court on the parties' Cross Motions for Summary Judgment pertaining to Plaintiff Jill L. Crothers' claim for judicial review of Defendant Commissioner of Social Security's denial of her application for disability insurance benefits. The matter was referred to Magistrate Judge David R. Grand, who issued a Report and Recommendation on August 11, 2017, recommending that the Court deny Plaintiff's Motion for Summary Judgment, and grant the Defendant Commissioner's Motion for Summary Judgment. Plaintiff

filed objections to the Report and Recommendation on August 18, 2017, and the Defendant filed a Response to Plaintiff's objections on August 29, 2017.

Upon review of Plaintiff's objections, the Commissioner's Response, the Magistrate Judge's Report and Recommendation, the medical evidence, and the parties' summary judgment motions, the Court concludes that the ALJ's analysis is flawed in several areas. Specifically, the ALJ failed to properly analyze Plaintiff's fibromyalgia and chronic pancreatitis diagnoses, as well as failed to accept her complaints of pain as credible and failed to follow the treating physician rule without adequate explanation. As such, the Court cannot conclude that substantial evidence supports the ALJ's determination. Therefore, the Court will remand this action to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## II. FACTUAL BACKGROUND

Upon review of the record and the Magistrate Judge's recitation of the facts, the Court finds that the Magistrate Judge's fact discussion is sound. As such, the Court will adopt the Magistrate Judge's background discussion in his Report and Recommendation. *See* Dkt. No. 21 at Pg ID 486-490. The Court will therefore only discuss the facts relevant to its disposition.

Plaintiff was 45 years old at the time of the alleged disability onset date of June 17, 2013. She has a twelfth grade education and past relevant work

experience as a direct care worker. She alleges disability based on right rotator cuff disease, arthritis, fibromyalgia and chronic pancreatitis. At the time she applied for disability benefits, she had been seeing Dr. Louis Schwartz for ten years for chronic pancreatitis and fibromyalgia. In recent years, he also began treating her for complaints of pain in the bilateral shoulders.

An MRI of Plaintiff's right shoulder showed rotator cuff pathology with a partial thickness tear of the tendon. After conservative treatment of physical therapy and injections, it was recommended that she receive a sub acromial decompression and rotator cuff repair. She had surgery on her right shoulder in July of 2013. However, after the surgery and a round of physical therapy, her shoulder became frozen with markedly limited range of motion, resulting in the need for a manipulation procedure which she had done in March of 2014.

In 2013, Plaintiff also regularly complained of stomach pain associated with chronic pancreatitis. Laboratory results reveal elevated pancreatic enzymes. Notes from Dr. Schwartz indicate that she frequently has epigastric pain and abdominal tenderness. A CT scan of the abdomen revealed abnormal right renal calculus and an ultrasound revealed non obstructing renal stones.

Dr. Schwartz completed two medical questionnaires wherein he indicated that he had been treating Plaintiff for ten years for fibromyalgia, chronic pancreatitis, and right shoulder pain with decreased range of motion. He opined

that her prognosis was "poor." He further opined that during a typical day the Plaintiff's pain and other symptoms would "constantly" interfere with the attention and concentration needed to perform even simple work tasks.

Subsequent to the manipulation procedure, Dr. Schwartz's treatment notes reveal that Plaintiff complained of severe bilateral foot pain from fibromyalgia and chronic pancreatitis. She also complained that she was still experiencing pain in her right shoulder. Dr. Schwartz therefore renewed her pain medicine prescriptions. He further noted that she has trouble standing and walking and that her stomach was markedly distended and bloated, for which he prescribed Zofran to alleviate the symptoms associated with her chronic pancreatitis. Dr. Schwartz referred Plaintiff to Dr. Inocencio Cuesta for fibromyalgia with complaints of pain in her feet, ankles and elbows. Dr. Cuesta noted thirteen out of eighteen positive trigger points for fibromyalgia, as well as diagnosed metatarsalgia of both feet. His notes reflect that Plaintiff complained of pain in her right shoulder and bilateral elbow pain. She further indicated that her foot and ankle pain worsened when walking and that she felt like her "ankles are broken." Dr. Cuesta's examination notes reveal normal range of motion for the upper and lower extremities.

At the hearing before the Administrative Law Judge (ALJ), Plaintiff testified that she still experienced pain in her right shoulder, and that the pain and swelling in her feet and ankles had developed during the last six months. She testified that

she had trouble walking because of the swelling in her feet. She indicated that she had difficulty with fine motor skills as a result of nerve damage in her right shoulder, as well as due to fibromyalgia in her left elbow with pain radiating to her fingers. She indicated that she does chores around the house with the help of her teenage daughters and spouse. She has some difficulty dressing due to the limitations with fine motor skills. She can drive short distances. She testified that she had gained forty to forty-five pounds in the last year due to an inability to move. She has to raise her feet several times per day because of the swelling. She also experiences daily nausea from the chronic pancreatitis and takes a Zofran and rests for an hour to alleviate this symptom. She testified that the nausea symptoms had worsened in recent years. She testified that the medications she took for her conditions caused her to be drowsy.

The ALJ ultimately concluded that Plaintiff had the severe impairments of degenerative joint disease/rotator cuff disease, degenerative disc disease, fibromyalgia, chronic pancreatitis and chronic pulmonary disease. He further determined that she was unable to perform her past relevant work, but could perform a limited range of light work. Her application for disability benefits was therefore denied. In reaching this conclusion, the ALJ determined that Dr. Schwartz's opinion was entitled to "limited weight" and that Plaintiff's statements

concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible.

## III. STANDARD OF REVIEW

Title 28 U.S.C. § 636 sets forth the standard of review used by the Court when examining a report and recommendation. The Court, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court has the power to, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The district court may affirm, modify or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Under § 405(g), the courts have limited power regarding the Commissioner's decision, "the findings of the commissioner of social security as to any fact if supported by substantial evidence, shall be conclusive." *Id.* Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1976).

## IV. ANALYSIS

### A. Objection #1

In her first objection, Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ provided good reasons for giving "limited weight," rather than the presumptive "controlling weight" to the opinion of Plaintiff's treating physician, Dr. Schwartz.

An ALJ must give a treating physician's opinion "controlling weight if s[he] finds the opinion 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If an ALJ determines that a treating physician's opinion is not entitled to controlling weight, the ALJ must provide "good reasons," supported by substantial evidence, for the weight she assigns to the opinion. *Id*. In providing "good reasons," an ALJ should consider the following factors: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the treating-source opinion, (4) the consistency of the opinion with the record as a whole, (5) the specialization of the treating source, (6) any other factors which tend to support or contradict the opinion. *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 804 (6th Cir. 2011).

In his report and recommendation, the Magistrate Judge concludes that "the ALJ gave good reasons for [giving limited weight to Dr. Schwartz's opinion] and those reasons are supported by the record evidence." *See* Dkt. No. 21 at Pg ID 492. The Court does not agree. The ALJ's specific explanation for giving Dr. Schwartz's opinion limited weight is unclear to the Court, and likely, to the Plaintiff as well. Dr. Schwartz had been treating Plaintiff for fibromyalgia, chronic pancreatitis and right shoulder pain for ten years. He opined that the pain experienced by Plaintiff as a result of these conditions would negatively impact her ability to concentrate and perform a full time job. The ALJ apparently rejected these conclusions based on Dr. Cuesta's examination. However, Dr. Cuesta noted that Plaintiff had pain in her right shoulder, as well as pain in her feet, ankles and elbows from the fibromyalgia.

The Magistrate Judge concluded that it was appropriate for the ALJ to give limited weight to Dr. Schwartz because he completed the medical questionnaires prior to Plaintiff's shoulder surgery and subsequent manipulation procedure. However, Plaintiff also suffered from the severe impairments of chronic pancreatitis and fibromyalgia, which Dr. Schwartz had been treating her for during the previous ten-year period. He failed to adequately discuss why Dr. Schwartz's opinions were not entitled to great deference. Nor is there any discussion of the numerous medications he prescribed for treatment of her pain symptoms and what,

if any, side effects such medications caused. Without a more detailed explanation concerning the ALJ's reasons for giving Dr. Schwartz's opinion limited weight, the Court cannot determine whether substantial evidence supports the ALJ's decision. Accordingly, the Court will remand this action for further proceedings.

B. **Objection #2**

Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ did not err in her handling of Plaintiff's pancreatitis diagnosis. At the hearing, Plaintiff testified that she suffers from pancreatitis due to a gall bladder surgery which resulted in a bile leak. She testified that she has been hospitalized on three occasions due to the condition and that it has been getting worse as the years go by. She suffers from daily nausea and pain in her stomach whenever she eats. She takes a Zofran when she feels nauseous and lies down until it subsides, which takes about an hour.

Objective medical findings include several office visits with Dr. Schwartz wherein he noted her abdomen was markedly distended and bloated with epigastric pain and tenderness. Laboratory tests reveal elevated pancreatic enzymes and a CT scan of the abdomen revealed right renal calculus and ultrasound testing showed non obstructing renal stones.

While the ALJ found that Plaintiff had the severe impairment of chronic pancreatitis, he did not consider what effect, if any, Plaintiff's nausea and stomach

pain had on Plaintiff's ability to work. The ALJ concluded that Plaintiff was not entirely credible with respect to her complaints of pain, it is not clear from the record whether he ignored these symptoms because he believed Plaintiff was malingering. The Magistrate Judge concluded that "the medical records simply do not support these alleged functional limitations." He goes on to highlight Dr. Schwartz's opinion where he failed to discuss a need for Plaintiff to lie down due to feeling nauseous. However, Plaintiff testified that her condition had worsened over the years and she had to take Zofran for the nausea. The medical records are replete with prescriptions for Zofran and Reglan, as well as lab results showing elevated enzymes, and stomach distention with pain. The Court cannot agree that substantial evidence supports the ALJ's decision to discount the symptoms related to Plaintiff's chronic pancreatitis. Plaintiff's second objection is sustained.

### C. Objection #3

Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ did not err in her credibility determination. The Magistrate Judge concludes that:

> While it would have been preferable had the ALJ more explicitly discussed the evidence as it relates to her credibility finding, overall her decision is adequate to make clear to any reader why she discounted Crothers' credibility.

Dkt. No. 21 at Pg ID 499. The Court does not agree with the Magistrate Judge's conclusion with respect to the ALJ's credibility determination. Rather, the ALJ's

credibility determination, like her decision concerning the treating physician rule, lacks the requisite specificity required by the federal regulations.

An ALJ's credibility assessment is a two-step process. If the ALJ determines that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, then the ALJ must evaluate the "intensity and persistence" of the claimant's symptoms. 20 C.F.R. § 416.929(c)(1). An ALJ should not reject a claimant's allegations "solely because the available objective medical evidence does not substantiate [the claimant's] statements." 20 C.F.R. § 416.929(c)(1); *see also* S.S.R. 96-7p, 1996 WL 374186. Instead, an ALJ should consider the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's symptoms; factors that precipitate or aggravate claimant's symptoms; the type, dosage, effectiveness, and side effects of the claimant's medication; treatment other than medication that the claimant receives; measures the claimant uses to relieve pain or other symptoms; and "[o]ther factors." 20 C.F.R. § 416.929(c) (3).

An ALJ need not discuss every factor, *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp.2d 724, 733 (N.D. Ohio 2005), but her decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements

and the reasons for that weight," S.S.R. 96-7p, 1996 SSR LEXIS 4, 1996 WL 374186, at *2. A reviewing court must give the "ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity . . . of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

In her decision, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." However, the ALJ fails to adequately explain, with the requisite specificity, why Plaintiff's complaints of pain are not credible. An ALJ may not "reject [a claimant's] statements about the intensity and persistence of . . . pain or other symptoms . . .solely because the available objective medical evidence does not substantiate [the claimant's] statements." 20 C.F.R.§ 404.1529(c)(2). Rather, the ALJ must "carefully consider any other information . . . submit[ted by the claimant] about [her pain] symptoms." 20 C.F.R.§ 404.1529(c)(3).

The Court cannot discern from the ALJ's decision that she carefully considered other evidence supporting Plaintiff's pain symptoms. She fails to identify any example from the record where Plaintiff has been inconsistent. She also fails to discuss Plaintiff's activities of daily living and her extensive

medication regime.  She does not specify later in her opinion why Plaintiff's statements concerning pain were not credible.  The Magistrate Judge argues that because Dr. Cuesta found normal range of motion in Plaintiff's lower and upper extremities, the ALJ appropriately concluded Plaintiff's pain complaints were not substantiated.

However, Dr. Cuesta did find that Plaintiff had thirteen out of eighteen trigger points for fibromyalgia and resulting pain in her feet, ankles and elbows.  The Sixth Circuit has repeatedly recognized that "fibromyalgia can be a severe impairment and that, unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007).  "Rather, fibromyalgia patients manifest normal muscle strength and neurological reactions and have a full range of motion." *Id.* (quoting *Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 820 (6th Cir. 1988)).  It is not clear from the ALJ's decision that she considered Plaintiff's fibromyalgia diagnosis, her pain symptoms, medication regime and activities of daily living in determining Plaintiff's credibility.  Without the specificity required by agency regulations, the Court cannot conclude that substantial evidence supports the ALJ's decision to discredit Plaintiff's statements concerning her pain symptoms.  Plaintiff's third objection is therefore sustained.

### D. Objection #4

Finally, the errors discussed in this Order appear to have corrupted the ALJ's analysis at step five of the sequential process, which relates to Plaintiff's last objection. Specifically, Plaintiff argues that the ALJ failed to incorporate all of her limitations in the hypothetical questions posed to the Vocational Expert ("VE"). The Court agrees. The ALJ's failure to include Plaintiff's subjective complaints of pain, her symptomology related to chronic pancreatitis and fibromyalgia and rejection of her treating physician's opinion leave the Court unable to determine whether the ALJ's hypothetical questions accurately captured all of the relevant factors necessary for the VE's determination concerning whether work exists that Plaintiff can perform. As such, Plaintiff's final objection is likewise sustained.

### V. CONCLUSION

Accordingly, for the reasons articulated above, the Plaintiff's objections [#22] are SUSTAINED. The Court hereby ADOPTS IN PART and REJECTS IN PART Magistrate Judge David R. Grand's August 11, 2017 Report and Recommendation [#21], GRANTS IN PART Plaintiff's Motion for Summary Judgment [#12], DENIES the Commissioner's Motion for Summary Judgment [#18], and REMANDS this case for further proceedings under sentence four of 42 U.S.C. § 405(g).

SO ORDERED.

Dated:  September 29, 2017               /s/Gershwin A. Drain
                                         GERSHWIN A. DRAIN
                                         United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 29, 2017, by electronic and/or ordinary mail.
/s/ Teresa McGovern for Tanya Bankston
Deputy Clerk